**MINUTE ENTRY**
**DUVAL, J.**
**March 17, 2011**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE KATRINA CANAL BREACHES** | **CIVIL ACTION** |
| **CONSOLIDATED LITIGATION** | |
| | **NO. 05-4182** |
| **PERTAINS TO:** | **SECTION "K"**(2) |
| *Armstrong*, **C.A. No. 10-866** | |
| *Entergy*, **C.A. No. 10-77** | |

A status conference was held this day in open court concerning the general posture of these cases and the establishment of a schedule for proceeding to trial. The participants are named in the transcript of the conference **which transcript shall be transcribed and filed forthwith into the record.**

This Court has repeatedly stated and continues in its belief that its primary duty in this litigation is to adjudicate the issues which arose from the collapse of the Lake Pontchartrain and Vicinity Hurricane Protection levees and floodwalls in the aftermath of Hurricane Katrina which occurred on August 29, 2005. It was for this reason the *In re Katrina Canal Breaches Consolidated Litigation* umbrella was created and for this reason that it continues to exist. The issues that remain pertain to the remediation work undertaken on the East Bank of the Industrial Canal ("EBIA") and whether that work was a substantial cause of the North and South Breaches of the floodwalls that ran adjacent to that area and resulted in the cataclysmic inundation of the Lower Ninth Ward.

The Court has determined that in order to bring some resolution to the issues surrounding those breaches, it will take to trial the *Armstrong* complaint in a bifurcated fashion as allowed under Fed. R. Civ. Pro. 42(b) to determine the liability of the United States and/or the Washington Group International, Inc. ("WGI") for the North and South Breaches of the Industrial Canal or as it is also known, the Inner-Harbor Navigational Canal ("IHNC").  The Court does so because regardless of the outcome of the appeal in the *Robinson* matter which concerns the MRGO floodwaters and the liability of the United States Army Corps of Engineers for damage caused by  those waters, the alleged liability of WGI and the United States for damages alleged caused by the activity at the EBIA must be addressed.  As such, for the sake of closure and moving this judicial ball forward,

**IT IS ORDERED** that the issues to be tried pursuant to Fed. R. Civ. Pro. 42(b) are as follows:

**Issues to be Tried**

1.      Whether either or both the United States or WGI were  negligent in their activities at the IHNC and whether such negligence was a substantial cause of the breaches.

2.      Whether any of the named plaintiffs suffered damage as a result of such negligence and the quatum due for such damage, if any.

In determining whether damages occurred as a result of the IHNC floodwall breaches, defendants may show that damages were the result of other causes

including, but not limited to,  the waters that relate to the hydrodynamic effects of the MRGO and of any breaches of the MRGO levees.

At this trial, however, the Court will only determine the negligence and damages arising from the activity at the EBIA; there will be no determination of negligence as to the operation and maintenance of the MRGO.  Furthermore, apportionment of fault, if any,  will focus solely on the relative negligence of the parties with respect to the EBIA remediation project and its consequences.   As such, the use of non-mutual collateral estoppel against the government as delineated in *United States and Mendoza,* 464 U.S. 154 (1984) is not presented.  the Court will determine the applicability of *Mendoza* in the event the decision in *Robinson* is affirmed.

Any judgment rendered for any plaintiff will be limited to damages caused by the EBIA remediation project.

The applicability of the Discretionary Function Exception and any other defenses that may be appropriate may be raised at trial. As to whether the government contractor defense is still available to defendant WGI, that issue may be raised at the same time scheduled for motions concerning 28 U.S.C. § 2675(a) as set forth *infra.*

**Exemplar Plaintiffs**

**IT IS FURTHER ORDERED** that three putative class representatives Kenneth P.

Armstron, Jeannine B. Armstrong and the heirs of Ethel Mae Coats may be three out of no more

than 6 exemplar plaintiffs for purposes of this trial.  No later than **April 15, 2011**, the parties

shall agree upon the exemplar plaintiffs (no more than 5).  In the event agreement cannot be

reached, each party shall present a list of 5exemplar plaintiffs with an explanation of the reasons

for choosing such person by **April 18, 2011** so that the Court will determine such remaining

plaintiffs by **April 20, 2011.**


**Jury Trial**

**IT IS FURTHER ORDERED** that by agreement of counsel for WGI and the plaintiffs,

this matter shall be tried to the Court **without a jury.**


**Entergy**

**IT IS FURTHER ORDERED** that the suit brought by the Entergy entities in the matter

referred to herein as *Entergy,* C.A. No. 10-77 shall not proceed to trial at this time and is hereby

**STAYED**.  While the Court is cognizant of Entergy's situation, to try this case at this time does

not comport with the Court's intent to limit the scope of the trial solely to the issues as set forth

above in as a cost effective manner as possible.

**Lake Borgne and Orleans Levee Districts**

IT IS FURTHER ORDERED that as the issue of fault with respect to the MRGO

waters will not be at issue in this trial, the Lake Borgne Levee District shall not participate.

IT IS FURTHER ORDERED that counsel  will inform the Court of their intent with

respect to the Orleans Levee District as to whether or not its participation in this trial is required.


**Schedule**

IT IS FURTHER ORDERED that the following schedule is established:

**Rule 26 Disclosures** are to be made by all parties (to the extent not already made), by

**April 18, 2011,** including any and all soils data, including boring logs and any available

elevations and GPS locations, not previously provided with respect to the soils in the EBIA,

whether or not done in connection with this litigation.


Motions concerning **28 U.S.C. §2675** and the issue of whether the **Government**

**Contractor Defense** is available to WGI in light the of the Fifth Circuit's ruling on this issue

must be filed **no later than May 17, 2011** to be noticed for a **special hearing date of June 16,**

**2011 at 1:30 p.m.**  Oppositions to these motions shall be filed **no later than May 24, 2011 with**

**replies due no later than May 26, 2011.**


**Preliminary Witness and Exhibit Lists** shall be exchanged by all parties on **May 27,**

**2011.**

**Declaration** by the parties about whether **additional soils sampling or borings are required and the time delays required to establish such samplings** shall be accomplished by **May 2, 2011.**

On or before **May 12, 2011**, the parties shall meet and confer to agree upon a **boring and sampling contractor** and establish a **joint sampling and boring protocol** to allow each party to participate and share the data for testing.  Such borings and samples will be obtained and provided to the geotechnical experts for all parties with 30 days of the issuance of a permit from the appropriate authorities, but in no event later than **June 20, 2011.**

**Written Discovery** by Plaintiffs and Defendants shall be propounded **no later than June 27, 2011.**

**All Plaintiffs' Expert Reports**, except Geotechnical and Hydrologist Expert Reports, shall be produced **no later than July 18, 2011.**

All **geotechnical testing** shall be completed **no later than September 6, 2011** and testing results shall be shared contemporaneously between and among all parties by **September 19, 2011.**

All **Defendants' Expert Reports,** except for Geotechnical and Hydrologist Extpert Reports shall be produced **no later than September 19, 2011.**

**Plaintiffs' Geotechnical and Hydrologist Expert Reports** shall be produced no later than **October 19, 2011.**

**Defendants' Geotechnical and Hydrologist Expert Reports** shall be produced no later than **November 21, 2011.**

**Plaintiffs' Rebuttal Geotechnical and Hydrologist Expert Reports** shall be produced no later than **December 6, 2011.**

**Final Witness and Exhibit Lists** shall be exchanged **no later than January 13, 2012.**

**All depositions and discovery** shall be completed **no later than February 10, 2012.**

**All *Daubert* motions** shall be filed no later than **March 5, 2012 and noticed for hearing on a special hearing date of April 19, 2012 at 10:00 a.m., oppositions** thereto shall be filed no later than **March 26, 2012**, **replies** thereto shall be filed no later than **April 5, 2012.**

The **Pretrial Order** shall be filed on **June 1, 2012**, with the Pretrial Conference to be held on **June 6, 2012 at 1:30 p.m.**

7

All **pretrial memoranda and motions in limine** shall be filed **no later than June 15, 2012.**  Responses thereto shall be filed **no later than June 20, 2012.**  There is no requirement to file findings of fact and conclusions of law prior to trial.

**Trial** of this matter shall commence on **Monday, July 16, 2012 and continue for three weeks.  A post-trial briefing schedule will be established after trial.**

JS-10: 1:20